Martin F. Casey (MFC-1460)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

JUDGE LYNCH  '08 CIV 4572

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WHITE TOQUE, INC.

      Plaintiff,

   - against -

M/V EVER DIAMOND, her engines, boilers, tackle, apparel, etc., *in rem*; EVERGREEN MARINE CORPORATION and SEAFRIGO, INC. *in personam*,

      Defendants.
------------------------------------------------------------X

2008 Civ.

**COMPLAINT**



RECEIVED MAY 16 2008 U.S.D.C. S.D. N.Y. CASHIERS

      Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

      2.    At all material times, WHITE TOQUE, INC. (hereinafter "WTI" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 11 Enterprise Avenue North, Secaucus, NJ 07094 and was the owner of a consignment laden on board the M/V EVER DIAMOND, as more fully described below.

      3.    At all material times, defendant, EVERGREEN MARINE CORPORATION (hereinafter "EMC") was and is a corporation with an office and place of business located at 1

Evertrust Plaza, Jersey City, New Jersey 07302 and owns, operates, manages and/or charters ocean-going vessels, including the M/V EVER DIAMOND (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V EVER DIAMOND, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

4.  At all material times, defendant, SEAFRIGO, INC. was and is a corporation with an office and business located at 1 Enterprise Avenue North, P.O. Box 2608, Secaucus, New Jersey 07094 and at all relevant times was and is doing business in this jurisdiction as a non-vessel owning common carrier (nvocc).

5.  At all material times, the M/V EVER DIAMOND was and is an oceangoing vessel built in 1998, that is flagged in Panama and engages in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

6.  On or about December 19, 2006, a consignment consisting of 1346 cartons of frozen vegetables laden into container number EMCU515597-5, then being in good order and condition, was delivered to defendant EMC and the M/V EVER DIAMOND at the port of Le Havre, France for transportation to Los Angeles, California, U.S.A., in consideration of an agreed freight pursuant to EMC bill of lading number EISU540600144331 dated December 19, 2006.

7.  Thereafter, the aforementioned consignment was loaded aboard the M/V EVER DIAMOND, EMC bill of lading number EISU540600144331 was issued, and the vessel sailed for the intended port of destination.

8. On or about January 10, 2007 the consignment arrived at the port of Los Angeles, California, U.S.A.

9. Upon discharge it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage during transit.

10. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendants, and the unseaworthy condition of the aforementioned container.

11. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $39,000.00

12. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

13. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

14. Plaintiff has a maritime lien against the M/V EVER DIAMOND for the damages referred to herein and will enforce that lien in these proceedings.

15. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V EVER DIAMOND, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V EVER DIAMOND, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court order, adjudge and decree that defendants EVERGREEN MARINE CORPORATION, SEAFRIGO, INC., and the M/V EVER DIAMOND, be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      May 15, 2008
      228-23

                                CASEY & BARNETT, LLC
                                Attorneys for Plaintiff

                     By: _____
                                Martin F. Casey (MFC-1415)
                                317 Madison Avenue, 21st Floor
                                New York, New York 10017
                                (212) 286-0225